IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTAN J. KIMBROUGH,<br><br>Plaintiff,<br><br>vs.<br><br>A. HOGAN III, Omaha Police Officer, #2263; MICHAEL J. MEYER, Omaha Police Officer, #1307; JOHATHAN B. GORDEN, Omaha Police Officer, #1927; and CHRISTOPHER S. MILLER, Omaha Police Officer, #2272,<br><br>Defendants. | 8:20CV262<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, who is a pretrial detainee at the Douglas County Correctional Center ("DCCC"), filed his pro se Complaint on July 2, 2020, and subsequently was granted leave to proceed in forma pauperis. Now that the required initial partial filing fee has been paid, the court conducts an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff claims he was subjected to excessive force by four Omaha police officers on April 18, 2020, while being transported to DCCC following his arrest. Plaintiff alleges he was twice dragged from the back the police cruiser while in handcuffs, and was tased, punched, kneed, kicked, and choked as he was face-down on concrete being searched; Plaintiff also alleges the car door was slammed on his foot and head. Plaintiff alleges he suffered numerous injuries and he seeks to recover money damages.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because Plaintiff was a post-arrest detainee at the time of the alleged incidents, the Fourth Amendment's "objective reasonableness" standard applies to his excessive-force claim. *See Davis v. White*, 794 F.3d 1008, 1011-12 (8th Cir. 2015). "Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Wilson v. Lamp*, 901 F.3d 981, 989 (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865). The court may also consider the result of the force. *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 581 (8th Cir. 2009). "Force may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat." *Wilson*, 901 F.3d at 989 (citing *Smith*, 586 F.3d at 581).

Plaintiff's Complaint contains sufficient facts from which to conclude he was subjected to an objectively unreasonable amount of force by Defendants, who were acting under color of state law as uniformed police officers for the City of Omaha. However, because the Complaint does not specify that Defendants are being sued in their individual capacities, the court must presume they are being sued only in their official capacities. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

"Because section 1983 liability exposes public servants to civil liability and damages, [the Eighth Circuit] ha[s] held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or

3

her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citations omitted); *see Baker*, 501 F.3d at 923 ("A suit against government officials in their official capacities is another way of pleading an action against the entity of which they are agents.").

The City of Omaha cannot be held liable for the officers' alleged misconduct under a theory of *respondeat superior* or vicarious liability. "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting)). To prevail on an official-capacity claim, Plaintiff must show that the alleged constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018); *see also Brossart v. Janke*, 859 F.3d 616, 627-28 (8th Cir. 2017) ("A municipality may also be liable where its policies are lawful on their face but municipal action, such as

4

failure to train or supervise, was taken with deliberate indifference as to its known or obvious consequences and led an employee to violate a plaintiff's rights." (quotation marks and citations omitted)).

Plaintiff does not allege that the violation of his constitutional rights occurred because of a municipal policy or custom, or because of a failure to train or supervise the police officers, nor does his Complaint contain any facts from which it might reasonably be inferred that the City of Omaha is liable for his alleged injuries. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted, and is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. On the court's own motion, however, Plaintiff will be given leave to amend. If Plaintiff elects to file an Amended Complaint, he must specify whether each Defendant is being sued in his official capacity, individual capacity, or both capacities.

If official-capacity claims are alleged in the Amended Complaint, Plaintiff should include enough facts from which "one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom" of the City of Omaha. *Crumpley-Patterson*, 388 F.3d at 591. And if Plaintiff seeks to hold the officers personally liable for his alleged injuries by suing them in their individual capacities, he should describe in detail what action was taken by each officer to violate his constitutional rights. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).

### III. CONCLUSION

The court finds upon initial review that Plaintiff's Complaint fails to state a claim upon which relief may be granted, but the court will permit Plaintiff to file an

8:20-cv-00262-RGK-PRSE Doc # 7 Filed: 09/09/20 Page 6 of 6 - Page ID # 54

Amended Complaint within 30 days. If an Amended Complaint is not filed within 30 days, the case may be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file an Amended Complaint.

2. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

3. If Plaintiff files an Amended Complaint, he shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an Amended Complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an Amended Complaint.

5. The clerk of the court is directed to set the following pro se case management deadline: **October 9, 2020**, check for amended complaint.

Dated this 9th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge