IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTAN J. KIMBROUGH,<br><br>    Plaintiff,<br><br>vs.<br><br>A. HOGAN III, et al.,<br><br>    Defendants. | 8:20CV262<br><br><br>**MEMORANDUM<br>AND ORDER** |

    The court is in receipt of correspondence from Plaintiff (Filing 14) which has been docketed as a motion to reopen this case. The case was voluntarily dismissed over two years ago, on September 22, 2020. (See Filings 9-11.)

    The Federal Rules of Civil Procedure allow a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *see* Fed. R. Civ. P. 60(b)(1)-(3). Plaintiff states he has collected more evidence to support his claims that he was subjected to excessive force by four Omaha police officers on April 18, 2020, but even if this might qualify as "newly discovered evidence" for purposes of Rule 60(b)(2), a motion for relief from judgment under that subsection must be made no more than a year after entry of the judgment. *See* Fed. R. Civ. P. 60(c)(1).

    Rule 60(b)(6) permits reopening when the movant shows "any ... reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). *Gonzalez*, 545 U.S. at 529. A motion for relief under Rule 60(b)(6) is not subject to the one-year limitations period, but must be made within a reasonable time. *See* Fed. R. Civ. P. 60(b)(1). However, relief under Rule 60 (b)(6) is available only in extraordinary circumstances. *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017). Plaintiff complains he had "ineffective assistance of counsel" following the dismissal of this case, because an unidentified attorney refused to proceed with any civil cases on his behalf "after a period of no contact."

Even if Plaintiff retained counsel, the alleged failure to communicate and refusal to prosecute Plaintiff's claims do not constitute an "extraordinary circumstances." The Eighth Circuit has consistently held that Rule 60(b)(6) "has never been a vehicle for relief because of an attorney's incompetence or carelessness." *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 370 (8th Cir. 2018), quoting *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997), quoting *Sutherland v. ITT Continental Baking Co.*, 710 F.3d 473, 476-77 (8th Cir. 1983). Even "gross negligence" has been deemed insufficient. See *Heim v. C.I.R.,* 872 F.2d 245, 248 (8th Cir.1989).

Further, Plaintiff has not shown that he has been prejudiced by any delay that was occasioned by an attorney. Because this case was dismissed without prejudice, Plaintiff is not precluded from bringing a new action, although as a prisoner he will need to pay a second filing fee even if he is allowed to proceed in forma pauperis. *See* 28 U.S.C. § 1915. Nor does it appear that a new action would be time-barred. In Nebraska, § 1983 actions are subject to a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412 (8th Cir. 2011).

IT IS THEREFORE ORDERED that Plaintiff's motion to reopen case (Filing 14) is denied in all respects.

Dated this 14th day of November, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

2